UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN MIGUEL ARCHANGEL TREASURE TOURS, INC., <br><br> Plaintiff, <br><br> v. <br><br> M/V AFTERGLOW, et al., <br><br> Defendants. | Case No.: 24-cv-2365-AGS-VET <br><br> **ORDER GRANTING MOTIONS TO ISSUE MARITIME ARREST WARRANT (ECF 4) AND TO APPOINT SUBSTITUTE CUSTODIAN (ECF 6)** |

Plaintiff San Miguel Archangel Treasure Tours, Inc., moves for (1) a warrant to seize defendant vessel "Afterglow" and (2) an order to appoint a substitute custodian of that vessel. (ECF 4, 6.) As these requests appear to be shipshape, plaintiff's motions are granted.

### MOTION FOR ISSUANCE OF A MARITIME ARREST WARRANT

Plaintiff brings this "admiralty action *in rem*" "to enforce the lien of a preferred mortgage." (ECF 1, at 3.) "To commence an action *in rem* against a vessel, the plaintiff must file a verified complaint that describes the vessel 'with reasonable particularity' and states that the vessel 'is within the district' or will be so 'while the action is pending.'" *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018) (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)). "If the plaintiff meets these conditions, the district court must take the boat into custody—unless the plaintiff requests otherwise—by issuing an arrest warrant to be served by the marshal." *Id.* (citing Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(a)–(b), E(3)(b)).

Plaintiff easily satisfies these requirements. The verified complaint contains a detailed description of the vessel: "Defendant Motor Vessel "AFTERGLOW," U.S. Official No. 985910 . . . is a 126 foot Christensen motor yacht and a vessel of the United States, with its hailing port in San Francisco, California." (ECF 1, at 2.) And it's alleged that the vessel "is currently afloat within the navigable waters of the United States and within this District." (*Id.*) Thus, plaintiff's request for a maritime seizure warrant is granted.

**MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN**

"On motion of any party . . . a judge may order that custody of the vessel be given to the operator of a marina or similar facility" upon finding "that such firm or person can and will safely keep the vessel and has in effect adequate insurance to cover any liability for failure to do so." CivLR E.1(c)(2). Plaintiff moves to appoint as substitute custodian Nielsen Beaumont Marine, Inc. (ECF 6, at 1.) That company's president, Don Beaumont, declares that Nielsen Beaumont "provides a broad range of marine services," including "maintenance and custodianship," and "has been approved previously" "to serve as substitute custodian on over 3,000 vessel[s]." (*Id.* at 3.) Nielsen Beaumont promises to perform many services on the vessel during custodianship, including periodically inspecting the vessel, cleaning it, and providing minor maintenance. (*See id.* at 4.) And "Nielsen Beaumont maintains several insurance policies which protect it against negligence during its custodianship," including a "Commercial Marine Liability" policy and a "Worker's Compensation" policy. (*Id.* at 5.) Based on Beaumont's declaration, the Court is satisfied that Nielsen Beaumont can and will safely keep the defendant vessel.

Plaintiff also requests that Nielsen Beaumont "be permitted to arrange for wharfage" of the vessel "at its current berth" or move the vessel "from its current location to appropriate secure facilities operated by Nielsen Beaumont within this District." (ECF 6, at 2.) "If the vessel must be moved to the place where custody will be maintained, a judge may also require insurance or other security to protect those having an interest in the vessel, as well as those claiming against her, from loss of damage to the res, liability of the vessel, incurred during movement." CivLR E.1(c)(2). So Nielsen Beaumont must maintain its insurance coverage if it wishes to move the vessel.

Additionally, "any order allowing such custody must fix fees to be charged therefor and for any other services to be rendered the vessel and must provide for their payment to the marshal in advance." CivLR E.1(c)(2). Beaumont provides a "Custodial Rate Sheet" that sets forth the "daily charges for Nielsen Beaumont to act as substitute custodian."

(ECF 6, at 5, 8.) Nielsen Beaumont must charge a rate consistent with those represented in the rate schedule attached to Beaumont's declaration. (*See* ECF 6, at 8.)

## CONCLUSION

The Court **GRANTS** plaintiff's request for a maritime warrant and orders as follows:

(1) A warrant for seizure is authorized for the vessel "M/V AFTERGLOW," U.S. Official Number 985910, and her engines, tackle, apparel, furniture, gear, and all other appurtenances and necessaries belonging to her (collectively, the "defendant vessel" or the "vessel").

(2) The Clerk is directed to immediately prepare such a warrant and shall promptly deliver it to the United States Marshal for the Southern District of California for service.

(3) Any person claiming an interest in the defendant vessel shall be entitled, upon request, to a prompt hearing, at which plaintiff will be required to show why the seizure should not be vacated or other relief granted consistent with the Federal Rule of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

(4) A copy of this order is to be attached to and served with the warrant. Plaintiff's counsel is further directed to serve by mail a copy of this order to the purported owners of the defendant vessel.

The Court also **GRANTS** plaintiff's motion to appoint a substitute custodian such that:

(1) The U.S. Marshal is authorized and directed upon seizure of the defendant vessel to surrender the possession of it to Nielsen Beaumont Marine, Inc. Upon such surrender, the Marshal will be discharged from the duties and responsibilities for the safekeeping of the defendant vessel.

(2) Nielsen Beaumont Marine, Inc., is appointed custodian of the defendant vessel and shall accept custody of the defendant vessel at the location of its seizure or, at its discretion, keep the vessel at a secure location operated by Nielsen

Beaumont or its agents. Until further court order, Nielsen Beaumont shall retain possession and safekeeping of the vessel for the aforementioned compensation and in accordance with this order and with the declaration of Don Beaumont.

(3) Nielsen Beaumont Marine, Inc., may tow the vessel, or have it towed, to a storage location and to other facilities as necessary for the proper security and maintenance of the vessel during the custodial period.

(4) Nielsen Beaumont Marine, Inc., may periodically operate machinery aboard the vessel if such operation may be performed without significant risk to the vessel.

(5) Unless otherwise ordered by the Court, Nielsen Beaumont Marine, Inc., will not sell the defendant vessel, release it to anyone, nor let anyone board it. Nielsen Beaumont may, however, permit access to the vessel as necessary to comply with its custodial duties and periodically accompany prospective buyers of the vessel who wish to board it for a limited inspection of the vessel while secured to its dock.

Dated:  January 17, 2025

_____
Hon. Andrew G. Schopler
United States District Judge